### SMALL *v.* MINNEAPOLIS ELECTRO-MATRIX CO. *et al.*

*(Supreme Court, General Term, First Department. June 6, 1890.)*

CORPORATIONS—OFFICERS—INJUNCTION.

An injunction will not be granted to restrain the directors of a corporation from transferring its property, assets, and business to another corporation, where it ap-pears from affidavits of the directors that they do not contemplate such action, but merely the leasing of important rights and functions to the other corporation.

Appeal from special term, New York county.

Motion by Sanford S. Small to continue an injunction against the directors of the Minneapolis Electro-Matrix Company, restraining them from trans-ferring its assets, property, and business to another corporation. Motion de-nied. Plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Paul D. Cravath* and *John W. Houston,* for appellant. *Daniel G. Rollins* and *W. B. Putney,* for respondents.

DANIELS, J. The injunction as it was issued, and which the court refused to continue, restrained the Minneapolis Electro-Matrix Company, and the other defendants, forming a majority of its board of directors or trustees,

from leasing or making any other transfer of any of its franchises, property, rights, or assets, pursuant to a resolution which had been adopted, to the American Electro-Matrix Company, and from holding any meeting of the stockholders of the Minneapolis company to ratify any resolutions, leases, or transfers without giving to the plaintiff reasonable notice of the time and place of holding the meeting. To sustain the right of the plaintiff to the injunction, it was alleged—and that appeared to be the fact—that he owned 1,680 shares of the stock of the Minneapolis company, amounting at its par value to the sum of $84,000 of the company's capital, which was $1,000,000. It was further set forth and charged that 8 of the 9 directors of the company owned or controlled a majority of the shares of stock, and were disposed to lease and transfer the property and effects of the company for the term of 25 years to the American Electro-Matrix Company, a corporation created under the laws of the state of New Jersey, and, in effect, to transfer its business to that company for one-half the net profits yielded by it; and that this was in contravention of its charter, and the laws of the state of Minnesota, under which it was incorporated. If these facts were satisfactorily established, a case for an injunction would be presented; for the directors or trustees do not appear to have been invested with that power, either by its charter, or the laws of the state in which it exists; and, in the absence of explicit authority to transfer its property, effects, and business to another company, it cannot be presumed to possess that power. At least, the directors or trustees, having only the power to manage and conduct its affairs under the charter, could legally make no such disposition of its property and affairs; for, instead of managing and conducting its business, that would be a destruction of its business, and an abdication of their own powers and authority, which could not take place without violating the law and their own official obligations; and that, even a minority owner of the shares of the company would be entitled by action to restrain and prevent. *Abbot* v. *Rubber Co.*, 33 Barb. 578, 591. But it is not to be presumed, without ample proof, that a majority of the board would be so far unmindful of their duty as to usurp and attempt the performance of such an illegal act; and that this majority has placed itself in this position depends upon the sworn complaint and affidavits of the plaintiff; for the other affidavits read in support of the right to the injunction add no more than incidental assistance to the case by relating circumstances showing the majority of the board to be inimical and unfriendly to the plaintiff, and inclined to prevent him from exercising his authority as one of its members. The foundation of his right to an injunction is that disclosed by himself, and not by these other affidavits of persons having not even asserted knowledge of the merits of the case.

As the plaintiff, by his affidavits, has made out the case, the majority of the board has adopted a resolution, to be submitted to the votes of the shareholders, of which they themselves control the majority, to transfer the property, assets, and business of their company to the New Jersey corporation, with whose interests and prosperity they have become either directly or indirectly interested; and that would be such a plain violation of their obligations and duty as to sustain an injunction and action to prevent it. But these facts have been as positively denied on the part of the defendants as they have been positively asserted by the plaintiff. It is admitted that a resolution was adopted by the majority of the board, subject to the approval of the shareholders, to execute a lease to the New Jersey corporation of certain important rights and functions of the Minneapolis company. But the intention has been stated to extend the leasehold interests or rights no further than that is permitted by the laws of the state of Minnesota; and to support this statement the resolution, as it is stated to have been adopted, has been made a part of the affidavit of William M. Grosvenor. And it certainly goes no further in its language or fair implication than to this extent, which does not transcend,

but limits itself within, the bounds of the law; for the exercise of lawful authority for the promotion of the interests and prosperity of the company is intrusted to the use and employment of its board of directors or trustees; and when that may, in good faith, be exercised, a case will not be presented for the interposition of a court of equity by injunction. *Beveridge* v. *Railroad Co.*, 112 N. Y. 1, 19 N. E. Rep. 489. And to sustain the good faith, as well as the expediency of the action and proposed action, of the majority of the board, it has been stated in the affidavits that its financial affairs have become embarrassed, and that adequate assistance can be no otherwise obtained than by subordinating their company to the New Jersey corporation. It is true that the plaintiff states himself to be able to relieve the Minneapolis company from this condition; but that has not been done by him, neither has any tangible offer been made by him to the board to supply this assistance. But the members of the board, so far as their affidavits have been made a part of the case, seem to be impressed with the conviction that the only source from which the necessary assistance can be obtained to advance the business interests of their company is the New Jersey company; and even that cannot be accepted as a certainty, in the condition in which the New Jersey company appears to be placed financially. But this circumstance is a subject which addresses itself more to the consideration of the directors and shareholders of the Minneapolis company than to the court.

The plaintiff swears that he wrote the copy of the resolution relating to the lease to the New Jersey company from what Mr. Grosvenor read to him as the resolution which had been adopted. But in that he is positively contradicted by Mr. Grosvenor, and by the resolution itself, as it is set forth in the affidavit of the latter; and that this affidavit does accurately state the resolution is confirmed by the affidavits of Erastus Wiman, James W. Griffin, Charles S. Travis, Theodore C. Bates, and C. Wright Davison. These persons all deny the intention to do anything not within their authority under the laws of the state of Minnesota, or to prejudice the plaintiff as a shareholder or officer of the company; and together they completely answer the case made by him for an injunction. He has complained of other acts not requiring relief of this description for the purpose of redressing discrimination against him as a member of the board. The meeting at the Astor House, to which he was denied admission, is sworn to be no more than that of a committee, of which he was not a member, and therefore not entitled to be present; and if the adjournments of meetings were irregular, or insufficient notice of a meeting held in this city was given him, as was probably the fact, these irregularities cannot be corrected in this action, which had for its object the restraint of the majority of the board in the dealings proposed with the New Jersey company. As the case is presented by all the affidavits, considered together, no more has been intended than the laws of Minnesota permitted, if the circumstances had arisen on which it could be judicially taken; and that will be for the shareholders themselves to determine, when their action shall be taken under the resolution. The order appealed from should therefore be affirmed; but as the other directors have not been entirely tolerant of the opposition of the plaintiff, nor as civil as it was their duty to be, in their official intercourse with him, it should be without costs.

VAN BRUNT, J. I concur in the opinion of Mr. Justice DANIELS. There is another reason why the order appealed from is correct. The plaintiff is a non-resident of this state; the defendant the Minneapolis Electro-Matrix Co., a necessary defendant, is a foreign corporation; and this action is brought to restrain action by this foreign corporation. The courts of this state have no jurisdiction of such a cause of action. The parties should settle their difficulties in the place of their residence.

BRADY, J., concurs.